FILED
SUPERIOR COURT
OF GUAM

2021 FEB 19 PM 1: 19

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE GUARDIANSHIP<br><br>OF<br><br>YUK LAN MOYLAN,<br><br>An Adult. | **Superior Court Case No. SP0106-07**<br>**Related Case Nos. SP0104-07, SP0105-07,**<br>**SP0107-07, SP0110-07 and SP0111-07**<br><br>**DECISION AND ORDER PARTIALLY GRANTING MOTION TO ASSESS RENT** |

The Court here considers Richard Moylan's November 10, 2020 Motion to Assess Rent from Date of Incompetency for Ward's Support & Benefit. Because a pending appeal concerns the appointment of Lina Lealoha M. Alston (aka "Princess") as Limited Guardian, the Court finds that it lacks jurisdiction at present to review the rental value of the property she occupies. However, the Court GRANTS the Motion as to the remaining properties addressed by Richard.

Richard's Motion initially asks the Court to order the Limited Guardian to assess the rent for two of the ward's properties and review all properties for which no rent is paid. The Limited Guardian occupies one of the properties. In her Opposition, the Limited Guardian argues that it would not be in the ward's best interests if the Limited Guardian was removed from the residence or required to pay rent. She also raises the issue of lack of jurisdiction due to a pending appeal, CVA19-022.

In his Reply to the Motion, Richard expounds on his request for relief and raises several complaints regarding the Limited Guardian's alleged conflict of interest. Richard complains that the Limited Guardian is advocating for herself rather than for the ward's best interests. Such "require[s] her disqualification as a guardian." Reply at 2 (Dec. 22, 2020). Richard proceeds to



argue that the Limited Guardian should be prohibited from using the property rent-free under the "Loyalty Rule." Richard concludes his Reply asking the Court to assess rent on the ward's properties and remove the Limited Guardian.

In CVA19-022, alleged conflicts of interest by the Limited Guardian form the primary issues on appeal. As of the date of this Decision and Order, the appellate case has been briefed and argued.

When an appeal is filed in a guardianship proceeding, a trial court is divested of jurisdiction over the subject matter of the appeal. *In re Guardianship of Moylan*, 2018 Guam 21 ¶ 9 (examining which issues were "directly related" to the appeal). However, the trial court can continue to act on issues raised before it to prevent injury or loss. 15 GCA § 4802. Therefore, before the Court hears this Motion, it must determine if the issues raised are directly related to CVA19-022 or aimed to prevent loss to the ward's estate.

Without question, any contention that seeks the removal of the Limited Guardian is directly related to CVA19-022. The Court here lacks jurisdiction at present to make any finding warranting the Limited Guardian's removal. Also, while the issue of her occupancy in the home rent-free is not on appeal, her residency is interrelated with her ability to act as the Limited Guardian. As the Guam Supreme Court recognized, "the record strongly suggests . . . it would be in Mrs. Moylan's best interest for Princess to continue residing on those premises to facilitate the care she continues to provide." *In re Guardianship of Moylan*, 2017 Guam 28 ¶ 21. In other words, any determination by this Court regarding the assessment of rent on the residence occupied by the Limited Guardian impacts her ability to provide care, and therefore such a decision may affect and be affected by the issues on appeal.

ORIGINAL

However, not on appeal is the value of the ward's other properties and a determination if any cause a loss to the ward's estate. One such property includes Tract 112, B4, L1, Dededo Guam, occupied by F.L. Moylan, Jr. Richard also mentions two other Dededo properties with houses but not rented, though it's unclear which properties he references. Finally, the Court notes that the Limited Guardian advised the Court in her October 28, 2020 Ex Parte Request for an Order to Release Funds that a few tenants are not current on rent. Based on that information and the suggestion that the ward owns at least one property for which she receives no rent, the Court finds that Richard Moylan has brought forward proper questions regarding potential losses to the estate.

The Court directs the Limited Guardian to file a report that identifies all properties owned by the ward, indicating which properties are being rented or not rented, which lessees are behind on rent, if any, and an explanation why any of the properties are not being rented. The report is due within thirty days of this Decision and Order. The Limited Guardian is also directed to provide any broker price opinions or appraisals obtained for any properties within the last five years. Upon review of such material, the Court will set this matter for hearing at a later time.

In conclusion, the Court GRANTS IN PART the Motion to Assess Rent and ORDERS the Limited Guardian to submit a report within thirty days.

SO ORDERED this 18th day of February 2021.

_____
HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Jacqueline Taitano Terlaje, Esq., Law Office of Jacqueline Taitano Terlaje, for Petitioner Lina Leialoha M. Alston
Douglas B. Moylan, Esq., Law Offices of Douglas B. Moylan, and Gary Wayne Francis Gumataotao, Esq., Law Offices of Gumataotao & Pole, P.C., for Richard E. Moylan

ORIGINAL
